**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

GENTRY TRE'MAINE SMITH                                        PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:13cv958-LRA

V. HORTON, ET AL                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The parties have appeared and participated in an omnibus hearing and a status or

pretrial conference in this case.  Dispositive motions have now been filed by both Gentry

Tre'Maine Smith ("Plaintiff" or "Smith") and by Defendants The GEO Group, Inc., Bart

Grimes, and Vincent Horton.  Plaintiff has also filed a Motion to Amend requesting to

add retaliation claims to this lawsuit.  After consideration of the motions, the supporting

pleadings, Smith's sworn testimony, the record, and the applicable law, the Court finds

that the motion of Defendants is well-taken and shall be granted.  Smith's Motion for

Summary Judgment and his Motion to Amend shall be denied.

### I. Plaintiff's Claims

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff was incarcerated

in the East Mississippi Correctional Facility [EMCF] in Unit One Delta Pod, Cell 114,

when the incidents complained of occurred.  On December 5, 2011, Plaintiff was asleep

and was awakened by loud noises.  He heard fighting and left his cell to investigate the

problem.  Another inmate, Anthony Austin, had assaulted an "associate" of his.  Plaintiff

confronted him, and they got in a fist fight.  Plaintiff admits that he punched Austin in the

face, knocking Austin to the floor.  He then kicked Austin in the head.  [1, p. 11].   The initial fight involved several other inmates and was broken up by guards.  Plaintiff was sent to his cell, questioned, and "written up."  A rules violation report was issued to him later that day which stated that he had assaulted Austin with a "sharp metal instrument."  Plaintiff denies that he ever used a sharp metal instrument to assault Austin, he claims that no weapon was involved.

Plaintiff was found guilty of that charge and placed in long-term segregation as punishment.  He testified that he did have a disciplinary hearing, with no notice, and was allowed to testify on his own behalf.  However, he was not allowed to call witnesses and was not allowed access to the video surveillance tape of the incident.  According to Plaintiff, he would not have been found guilty if the tape had been available, as it would have shown that he had no weapon.  According to Plaintiff, he is being illegally detained because the RVR was not valid.  He testified that he did complete the ARP process.

Plaintiff also testified that he was shocked by a live light wire in his cell on January 7, 2012, while in segregation.  He was taken to the medical unit and then transferred to the hospital after he was shocked.  Plaintiff charges that he suffers from high blood pressure due to his treatment at EMCF.  He should have gotten off long-term segregation after six months because he was RVR-free for that period.  However, he concedes that he did receive another RVR nine months after he was placed in segregation, and this extended his segregation.

2

Plaintiff sued Defendant Grimes because he was the hearing officer at the disciplinary hearing.  He sued Defendant Horton due to his role in responding to Smith's ARP.  He sued GEO because they operated the facility.

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir.2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party."  *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir.2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir.1999). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party."  *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir.2013).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir.2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir.2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.2002)).

## III.  Discussion

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which ... imposes atypical and significant hardships on the inmate in relation

to the ordinary incidents of prison life."   *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff's long-term segregation is not an "atypical and significant" hardship of prison life. *Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996) (finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).   Smith was placed in segregation shortly after the incident, on or about December 2011, and he apparently was still housed there in April 2012 when he filed his Complaint. He testified that he should have been released from segregation in six months, but he received an additional RVR after approximately nine months of segregation.   Therefore, for purposes of this case, Plaintiff's punishment was a nine-month period of segregation.   As the Court in *Pichardo* stated, "absent extraordinary circumstances, administrative segregation as such,  being incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim."   *Id.*   Plaintiff has not alleged any  specific circumstances which would make his conditions sufficiently severe to give rise to a liberty interest under *Sandin.*   The Court has utilized the directives set forth in the recent case of *Wilkerson v. Goodwin,* 774 F.3d 845, 854 (5th Cir. 2014), and finds that no extraordinary circumstances render Plaintiff's confinement an "atypical and significant hardship" on him in relation to the "ordinary incidents of prison life."

Even if Smith did have such a right, Due Process's fundamental requirement is that the prisoner be granted the opportunity be heard "at a meaningful time and in a meaningful manner."   *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).   In reviewing the record and the pleadings, Plaintiff has stated

supportive facts that merely show that he disagrees with the RVR charges and the ruling at his hearing and on appeal. Smith contends that these Defendants failed to investigate his RVR properly and failed to find and show him the tape which he claims would prove he did not use a weapon when he assaulted Austin. But, the failure to investigate is not a constitutional violation. *Dehghani v. Vogelsang*, 226 F.App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation).

The United States Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced ....'" *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985) (quoting *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927). The evidence in this case is supportive of the findings of guilt, as Plaintiff admits that he assaulted Austin and engaged in a fight. He admits that Austin was stabbed by *someone* during the altercations, and bled from his injuries— just that Plaintiff was not the inmate who actually stabbed him. Plaintiff's only disagreement with the charges was that he did not use "a sharpened metal object," as the RVR states. Assuming this is true, fundamental fairness does not require this Court to set aside decisions of prison administrators that "have some basis in fact." *Hill,* 472 U.S. at 456. Plaintiff engaged in a fight and inflicted injuries on another inmate— he admits this. The courts cannot retry every prison disciplinary dispute; rather, the court may act only

5

where arbitrary or capricious action is shown. *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). Prison disciplinary decisions will be overturned only where there is no evidence whatsoever to support the prison official's decision. *Id.* The federal courts cannot act as a reviewing board for prison disciplinary actions.

The record in Smith's case confirms that there was evidence to support his conviction, and minimum due process requirements were satisfied. He knew about the charges and the hearing, was allowed an opportunity to testify, and was given the opportunity to appeal. Under the circumstances of this case, this satisfies due process, although Plaintiff was not satisfied with the outcome. No constitutional violation has been stated against Defendants Horton or Grimes or GEO Group, Inc.

## C.    Conditions of Confinement

Plaintiff also complained about the conditions of his administrative segregation, charging that he was shocked by a live light wire in his cell on January 7, 2012, while in segregation. He was taken to the medical unit and then transferred to the hospital after he was shocked. This is an episodic event, and Defendants Horton and Grimes had no individual role in this incident. Plaintiff also charges that he suffers from high blood pressure due to his treatment at EMCF; he has no individual claim that Defendants Horton and Grimes caused his high blood pressure.

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part

of the penalty that criminal offenders pay for their offenses against society." *Whitley v. Albers*, 475 U.S. 312, 319 (1985) *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillespie v. Crawford,* 833 F.2d 47, 50 (5th Cir. 1987). In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304. Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both the objective and subjective components. *Davis v. Scott*, 157 F.3 1003, 1006 (5th Cir. 1998), *citing Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As the Court noted in *Davis*, since "[f]or the objective component, extreme deprivations are required to make out a conditions-of-

confinements claim," and cannot be made, it is unnecessary to reach the subjective component.

In Plaintiff's case, neither the objective or subjective components can be met. It is obvious that these prison officials, Horton and Grimes, were not attempting to punish Plaintiff by his exposure to the wire, or by the medical care that was provided him. No constitutional claim has been stated against any Defendant, including GEO Group, Inc., regarding Plaintiff's conditions of confinement while housed in segregation.

**D.    Plaintiff's Request to Amend**

Plaintiff's request to amend at this late date is untimely and must be denied. He generally wishes to add charges of retaliation due to his filing grievances against officers. This claim should be presented in a new lawsuit, if Plaintiff wishes to file a Complaint on this basis. His initial Complaint was filed nearly three years ago, and the dispositive motions are fully briefed. Defendants would be prejudiced by the untimely amendment. The motion shall be denied.

### IV.  Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED**

That "Plaintiff's Leave to Supplement His Complaint /or to Amend His Complaint" [45], filed on February 10, 2015, is **denied**.

That Defendants' Motion for Summary Judgment [42] is hereby **GRANTED**, and Plaintiff's "Motion for Summary Judgment on Fact(s) and Law" [38] is **DENIED.**

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED this the 9th day of March, 2015.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE